IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION


**DAVID LEE KING,**

     **Plaintiff,**

v.                                     **Civil Action No. 5:26-cv-00286**

**NICHOLAS COUNTY COURTS,**
**REDWOOD TOXICOLOGY LABORATORY,**
**RODNEY RICHMOND,** *Pharm Tech***,**
**THE MACKENZIE GROUP LLC,**
**SNUFFER LAW FIRM,**
**JACOB SNUFFER,**

     **Defendants.**

## ORDER

The Defendant, Nicholas County Courts, by counsel, has filed with the Court and served on the Plaintiff, who is acting *pro se*, a ***Motion to Dismiss of Defendant West Virginia Judiciary*** (ECF No. 16) along with its supporting ***Memorandum*** (ECF No. 17).

Accordingly, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Plaintiff is hereby notified that he has the right to file a response to the Defendant's ***Motion*** and submit Affidavit(s) or statements subject to the penalties of perjury, exhibits, and/or other legal or factual material supporting their positions and issues in the case as they are challenged by the Defendant in the aforesaid ***Motion***. The Plaintiff is advised that actual statements in Affidavits or Declarations submitted by the Defendant will be accepted as true unless the Plaintiff sets forth facts in response indicating the existence of a genuine or actual dispute of fact for trial. In response to the Defendant's ***Motion***, the Plaintiff must set out either in his own Affidavit or sworn statement or the Affidavits or sworn statements of other witnesses, specific

facts which show that the Plaintiff and the Defendant actually disagree about one or more important and material fact or facts presented by this case. In the Affidavits and exhibits, the Plaintiff should address, as clearly as possible, the issues and facts stated in the *Motion* and in the Affidavits submitted by the Defendant. If the Plaintiff chooses to file a response in opposition to the *Motion*, it is hereby **ORDERED** that the Plaintiff's response shall be filed with the Clerk of this Court on or before **June 8, 2026**. The Plaintiff shall serve copies of his response in opposition to the Defendant's *Motion* on its counsel.

The Plaintiff is also advised that a failure to respond to the Defendant's *Motion* may result in a recommendation of denial of the relief sought in the Complaint and dismissal of this suit. In preparing a response, the Plaintiff should be aware of the fact that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law.

Following service of the Plaintiff's response to the Defendant's *Motion*, if such is filed, the Defendant will have seven (7) days within which to file a reply, and the parties are advised that, after the passage of the time provided for a response and a reply, the Court will consider the *Motion* ready for decision.

The Clerk of the Court is directed to transmit a copy of this Order and Notice to counsel of record and any unrepresented party.

**Enter: May 21, 2026**



Omar J. Aboulhosn
United States Magistrate Judge

2